IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALVIN JAMES JOHNSON, # 162564X,       :

    Plaintiff,                                            :

vs.                                                           :         CIVIL ACTION 17-0504-CG-N

SGT. PACE, *et al.*,                                  :

    Defendants.                                       :


## REPORT AND RECOMMENDATION

Plaintiff Alvin James Johnson, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Johnson is seeking leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if Johnson has three or more *in forma pauperis* actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. From those dockets, the Court discovered that Johnson has had three *in forma pauperis* actions dismissed for one of the foregoing reasons, namely, *Johnson v. Brooks,* 2:09-cv-00385-TMH-TFM (M.D. Ala. 2009); *Johnson v. State of Alabama,* 2:09-cv-00098-WHA-TFM (M.D. Ala. 2009); and *Johnson v. Reese,* 2:08-cv-00830-TMH-TFM (M.D. Ala. 2008).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Johnson must satisfy § 1915(g)'s exception, which requires that at the

2

time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Johnson has not done this.

In reviewing this action, Johnson filed his § 1983 complaint on November 13, 2017 (Doc. 1), complaining of incidents that occurred on June 22, 2017 at

3

Holman Correctional Facility. (*Id.* at 4). Johnson alleged that while in segregation, he asked for cleaning supplies to clean his cell that was being soiled by the urine and feces seeping from the cell above and by his improperly working toilet. (*Id.* at 5). Because he did not receive any supplies, he began cleaning by using a towel and would wring the towel through his tray-hole. (*Id.*). He told defendant Pace what he was doing, but defendant Pace put the breakfast tray through the tray-hole nonetheless. (*Id.*). Water from the tray-hole dripped onto his breakfast tray, and defendant Pace smiled and walked away. (*Id.*). A verbal altercation ensued. (*Id.*). Defendant Pace then sprayed Johnson with mace and "sabre." (*Id.*).

After thirty to forty minutes, another officer came to Johnson's cell, handcuffed him behind his back, and escorted him to the Health Care Unit (HCU), where a nurse washed out his eyes and noted that he was not injured. (*Id.* at 6). When Johnson was being escorted back to his cell with his hands cuffed behind his back, the officers stopped at segregation booking to take pictures of his entire upper body. (*Id.* & at 7). Sergeant Lang told Johnson that he would be returning to his cell so he started walking to the segregation unit with two officers in front of him and two officers behind him. (*Id.* at 7). He was unaware that Defendant Pace had approached them from behind until he turned around. (*Id.*). Sergeant Lang then stumbled and tried to maintain his balance even

though Defendant Pace was moving him aside.  (*Id.*).  Defendant Pace proceeded with an open hand to push Johnson's face and then with a closed fist hit the right side of Johnson's face.  (*Id.*).  The officers immediately intervened and pulled Defendant Pace away.  (*Id.*).  Sergeant Lang told Defendant Pace to leave the area, and along with other officers, he escorted Johnson to the HCU for treatment.  (*Id.*).  It was discovered that Johnson's right upper lip was cut on the inside.  (*Id.*).  Afterwards an officer took pictures of Johnson's injured lip, and he was escorted to his cell without incident.  (*Id.* at 8*).*

Based on these allegations, Johnson's claim arose on June 22, 2017, and did not occur at or near the time of complaint's filing on November 13, 2017. (Doc. 1).   Thus, the Court finds that the incidents about which Johnson complains occurred in the past, and no factual allegations are present demonstrating that Johnson was subject to an "imminent danger of serious physical injury" when the complaint was filed.

Because Johnson cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, this action is due to be dismissed without prejudice.  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the

filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of January, 2018.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE